### WARBURTON v. TRUST CO. OF AMERICA.

### WILLIAMS v. SAME.

(Circuit Court of Appeals, Third Circuit. February 6, 1908.)

Nos. 7 and 30.

1. GUARANTY—RIGHT OF ACTION.

An underwriting agreement to provide for the bonds of an automobile company for the benefit of T. provided that the subscribers at any time after 12 months from June 1, 1902, on demand, would pay to plaintiff trust company such proportion of the principal of the advances of the trust company as the amount set opposite their signature bore to $450,000, together with a like proportion of accrued interest, and that the trust company in case of default should be entitled forthwith to proceed against the subscriber to recover such proportion and interest, and should be entitled to enforce such personal liability until the full amount of the advances with interests and costs had been recovered by the trust company, without recourse to any party or collateral security. Held, that the trust company was entitled to sue on such agreement, though it had required T. to indemnify it further by advancing money in anticipation of payment by underwriters and as an indemnity against their nonpayment of the amount advanced.

2. APPEAL—REVIEW — QUESTIONS OF FACT — CORPORATIONS — UNDERWRITING AGREEMENT—ACTION.

In a suit to recover subscriptions on an underwriting agreement, a verdict for plaintiff negatived defendant's defense of fraud in obtaining his signature thereto as well as an agreement between him and the person for whose benefit the agreement was made that defendant should not be required to pay his subscription.

3. EVIDENCE—WRITTEN CONTRACT—PAROL AGREEMENT.

Where, in an action on a written underwriting subscription agreement, it was not claimed that an oral promise that the subscription would not be collected had been omitted from the written agreement by fraud, ac-

cident, or mistake, the written agreement was conclusive as to the contract between the parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1813–1824.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Frank A. Harrigan and A. S. L. Shields, for plaintiffs in error.
Duane, Morris, Heckscher & Roberts, for defendant in error.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge. These were cases brought by the Trust Company of America against Barclay H. Warburton and Joseph D. Williams, respectively, to recover subscriptions of $15,000 and $5,000 made by them under contract with the said trust company to underwrite the bonds of the Fournier-Searchmont Automobile Company. The defendants respectively defended on the ground that Spencer Trask was the real plaintiff; that the general underwriting contract was void by reason of fraud on Trask's part in its creation, and the subscriptions made thereto by each defendant were not enforceable, because when they were each made it was stipulated they would not be required to pay them. The cases were tried, and verdicts rendered for the plaintiff therein. From the entry of judgments thereon each defendant sued out a writ of error, and as both cases involve the same general subject-matter they were argued together in this court, and we consider them in one opinion.

The case against Warburton was tried first. As to this first defense the court held that while admittedly Trask was the equitable plaintiff, and the fruits of the judgments were his, the right to bring this suit was in the Trust Company of America. It rightly so held. The defendant's contract was with that company, and by it he agreed:

"That he will at any time after twelve (12) months from June 1, 1902, upon demand, forthwith repay to the trust company such proportion of the principal of the advances of the trust company as the amount set opposite his signature hereto bears to the sum of four hundred and fifty thousand dollars ($450,000), together with a like proportion of accrued interest thereon, and that the trust company shall have the right, in the event of default in payment by any underwriter, to forthwith proceed against him to recover such proportion and the interest thereon, and that the trust company shall have the right to enforce such personal liability until the full amount of said advances with interest and costs shall have been recovered by the trust company without recourse to any other party, and without recourse to any collateral security being first had or required."

The fact that the trust company required Trask to indemnify it still further by advancing money in anticipation of the payment by underwriters and as an indemnity against their nonpayment in no wise affected its right to collect, or of the underwriter to pay, his subscription. This disposes of the assignments applicable to that question.

As to the second defense, the court gave the widest latitude to the admission of testimony bearing on the alleged fraud, and in a charge of which no complaint is made submitted it to the jury. The verdict for the plaintiff negatives the defense of fraud, as, also, the third defense, that Trask had agreed not to collect Warburton's subscription.

The remaining exceptions refer to certain particular facts and features of the alleged fraud in the evidence, and asked the court to say as matter of law they proved fraud, and, if found, the verdict must be for the defendant. The court was right in refusing them, for an examination of this voluminous record satisfies us that neither by themselves, or in connection with the other testimony, did they make out a defense of fraud to submit to the jury. We agree with the conclusion to that effect which the court itself reached when, on a motion for a new trial, it said:

"It was claimed there were other acts done by Spencer Trask which amounted to a fraud on the defendant. The defendant on the stand, however, frankly stated the history of the organization of the corporation issuing the bonds, for which he subscribed, in a straightforward manner, giving all the facts, as well those which made for him as those against him. His desire seemed to be to tell the whole transaction as he remembered it, and his story, with the documentary evidence, shows clearly there was no fraud."

We are therefore clear the judgment must be affirmed.

When the Williams Case was tried the court was, from the Warburton trial, familiar with all the testimony bearing on the question of fraud, and accordingly ruled it out. In disposing of the assignments bearing on the rejection thereof, it suffices to say that no substantially different facts, from those admitted in evidence in the Warburton Case, were offered. The court was justified in rejecting them, for, united, all the proof proposed did not constitute a defense. The court properly held, as in the Warburton Case, the right of action for the subscription was in the plaintiff, and as the defendant admitted he had signed the contract there remained the sole alleged defense that this agreement was avoided by a contemporaneous oral promise that the subscription would not be collected. It was not alleged that such oral agreement had been omitted from the written agreement by fraud, accident, or mistake. Under such circumstances the court properly held the latter conclusive. Bast v. Bank, 101 U. S. 96, 25 L. Ed. 794.

The judgment is affirmed.